UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RANULFO LOYOLA-CISNEROS,<br><br>Defendant. | Case No. 12-cr-00585-SI-2<br><br>Case No. 16-cv-03741-SI<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 138, 146 |

On November 21, 2014, this Court sentenced defendant to 60 months imprisonment based on his conviction for a violation of 21 U.S.C. § 846 (conspiring to distribute methamphetamine). The record reflects that the Court determined that defendant's adjusted offense level was 27 and that defendant's Criminal History Category was III, with a resulting sentencing range of 87-108 months. The Court departed downwards in sentencing defendant based on a variety of factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(A), and (a)(6). The Presentence Report states that defendant is a deportable alien and that he would likely be deported to Mexico upon his release from federal custody. *See* Final PSR at 2, 14.

On July 1, 2016, defendant filed a *pro se* motion to correct his sentence under 28 U.S.C. § 2255. Defendant's motion contends that he may be entitled to relief with regard to his sentence pursuant to a recent Supreme Court decision, *Johnson v. United States*, 135 S. Ct. 2251 (2015). In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, and therefore void. 135 S. Ct. at 2557. Defendant's motion asserts that the Court sentenced defendant to 60 months "due in part for his previous conviction of Inflicting Corporal Injury on Spouse, 'a crime of violence,' and his present

participation in the conspiracy." Motion at 2 (Dkt. No. 138).[1] Defendant's motion argued that under the reasoning of *Johnson*, the sentencing guidelines under which defendant was sentenced are unconstitutionally vague and therefore that his sentence must be set aside.

In an order filed August 23, 2016, the Court granted the government's motion to stay this action based upon the Supreme Court's grant of certiorari in *Beckles v. United States*, No. 15-8544. The Court found that a stay was in the interest of judicial efficiency because *Beckles* would resolve the question of whether the holding of *Johnson* applied to the sentencing guidelines.

On March 6, 2017, the Supreme Court issued its decision in *Beckles*. __ S. Ct. __, 2017 WL 855781 (Mar. 6, 2017). The Court held that the federal sentencing guidelines are not subject to vagueness challenges under the Due Process Clause. *Id*. at *6-7.

On March 15, 2017, the government filed a motion to dismiss defendant's § 2255 motion. The government argues that *Beckles* warrants dismissal because the premise of defendant's § 2255 motion is that *Johnson* applies to the sentencing guidelines. The Court agrees. The government further notes that according to the Bureau of Prisons inmate locator available at https://www.bop.gov.inmateloc, defendant was released from custody on November 4, 2016. As such, it further appears that defendant's § 2255 motion is moot.

For the foregoing reasons, the Court GRANTS the government's motion to dismiss defendant's § 2255 motion.

**IT IS SO ORDERED**.

Dated: March 22, 2017

SUSAN ILLSTON
United States District Judge

---

[1] Defendant's motion states that defendant's base offense level was given a two point enhancement pursuant to U.S.S.G. § 2D1.1  The PSR does not contain a reference to U.S.S.G. § 2D1.1. However, the PSR does state that defendant's total criminal history score was four (resulting in a criminal history category of III) based on the felony conviction for Inflicting Corporal Injury on Spouse. PSR at 6-7. Defendant was given two criminal history points pursuant to U.S.S.G. § 4A1.1(b) (prior sentence of imprisonment of at least sixty days) and two criminal history points pursuant to U.S.S.G. § 4A1.1(d) (defendant committed the instant offense while under a criminal justice sentence for the corporal injury conviction).